# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY D. ARNOLD, | ) 1:08-cv-01427 LJO YNP [DLB] (HC) |
| Petitioner, | ) ORDER GRANTING RESPONDENT'S |
| | ) MOTION TO DISMISS |
| v. | ) [Doc. #13] |
| | ) |
| NEIL ADLER, Warden, | ) ORDER DISMISSING PETITION FOR WRIT |
| | ) OF HABEAS CORPUS |
| Respondent. | ) [Doc. #1] |
| | ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner was sentenced to 168 months in federal prison after he was convicted of possession of crack cocaine with the intent to distribute. (Pet. at 2).

Petitioner is scheduled to spend his last six months of imprisonment at a Residential Re-Entry Center (RRC)[1] pursuant to 18 U.S.C. § 3624(c).

On September 9, 2008, Petitioner filed a petition for writ of habeas corpus with the United States District Court seeking to be placed in an RRC for a period longer than six months.

---

[1] RRCs are pre-release programs also referred to as halfway houses, community corrections centers (CCC) and work release programs. United States v. Miller, 547 F.3d 1207, 1208 n.1 (9th Cir. 2008).

1

(Pet. at 3; Mot. to Dismiss at 1).  On December 29, 2008, Respondent filed a motion to dismiss claiming that the Court lacks subject matter jurisdiction to review the case and that Petitioner failed to exhaust administrative remedies.  (Doc. #13).  On February 11, 2009, Petitioner filed a traverse to the motion to dismiss.  (Doc. #15).  It is Respondent's motion to dismiss that will be considered herein.

## DISCUSSION

As it is determinative in this case, the Court must first decide the threshold issue of whether there is subject matter jurisdiction to review Petitioner's habeas petition.

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3).  A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. Any deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement. Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir.1999). In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson, 544 U.S. 74 (2005).  In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

In the instant petition, Petitioner claims that the Bureau of Prisons (BOP) has failed to properly consider him for transfer to an RRC for the full twelve months as provided in 18 U.S.C. § 3624(c) as amended by the Second Chance Act of 2007, Pub. L. No. 110-199.  Respondent

1    correctly argues that this claim does not challenge the fact or duration of Petitioner's sentence.
2    Examples of appropriate challenges to duration of confinement include challenges to denial of
3    parole or loss of good time credits. Brown v. U.S., 610 F.2d 672, 677 (9th Cir. 1980) (citing
4    Tedder v. United States Board of Parole, 527 F.2d 593, 594 n.1 (9th Cir. 1975)) ("A petition
5    under 28 U.S.C. § 2241 is the proper form of proceeding from obtaining review of parole
6    decisions.); Preiser, 411 U.S. at 500; see also Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir.
7    1990) (noting if a constitutional violation has resulted in the loss of time credits, such violation
8    affects the duration of a sentence, and the violation may be remedied by way of a petition for writ
9    of habeas corpus.)  Challenges that are not appropriately brought under habeas include the
10   transfer of individual prisoners from one location to another within the prison. Toussaint v.
11   McCarthy, 801 F.2d 1080, 1103 (9th Cir. 1986) (prisoner release from administrative segregation
12   is not a form of relief that falls "within the traditional core of habeas corpus.") In cases where
13   petitioner is challenging his parole decision or loss of good time credits, Petitioner is directly
14   challenging the duration of which he will be in custody of the BOP.  In the event of a grant of
15   writ of habeas corpus under either of those scenarios, Petitioner will be released from the custody
16   of the BOP sooner than if the petition had not been granted.  However, if a prisoner was granted
17   relief from administrative segregation, he would not be released from the custody of the BOP, he
18   would merely be moved to a more desirable location under the BOP's control.

19         The Ninth Circuit has clarified that release to an RRC is not a release from incarceration
20   because the prisoner is still in the custody of the BOP. See United States v. Miller, 547 F.3d 1207
21   (9th Cir. 2008) (holding that a federal prisoner's placement in a work release program did not
22   trigger his date of supervisory release because he was still in the custody of the BOP). See also
23   United States v. Lemoine, 546 F.3d 1042, 1046 n.2 (9th Cir. 2008) ("Although RRCs are
24   independently operated, [prisoner] remains in federal custody and subject to the BOP's
25   authority.")   Accordingly, the time during which Petitioner is in custody of the BOP will not end
26   any sooner regardless of whether he spends twelve months at an RRC instead of only six.
27   Transfer to an RRC will not affect the fact or duration of Petitioner's confinement, thus, his
28   complaint does not give rise to a claim for which habeas relief can be granted.  Because habeas

relief cannot be granted, the Court is without subject matter jurisdiction to consider the petition for writ of habeas corpus.

## CONCLUSION

This Court does not have subject matter jurisdiction to review the instant challenge under section 2241 and the petition must be dismissed.[2]

## ORDER

It is hereby ordered that:

1) Respondent's motion to dismiss is GRANTED;

2) Petitioner's petition for writ of habeas corpus is DISMISSED; and

3) As this petition arises under § 2241, certificate of appealability is not required. Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir.1997).

IT IS SO ORDERED.

**Dated:   September 25, 2009**          /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE

---

[2] Because the Court is without subject matter jurisdiction to review the petition under section 2241, the Court does not reach the alternative grounds for dismissal.